**UNITED CO-OPERATIVES, INC.,**
Appellant,

v.

**CALIFORNIA CHEMICAL COMPANY** by Merger and Change of Name from California Spray-Chemical Corporation, Appellee.

Patent Appeal No. 7027.

United States Court of Customs and Patent Appeals.

Nov. 14, 1963.

Francis C. Browne, Washington, D. C. (William E. Schuyler, Jr., Andrew B. Beveridge and Joseph A. DeGrandi, Washington, D. C., of counsel), for appellant.

James P. Burns, Burns, Doane, Benedict, Swecker & Mathis, Wayne L. Benedict, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Associate Judges.

MARTIN, Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board, 133 USPQ 695, dismissing an opposition to an application by appellee, California Chemical Company, for the registration of UNIPEL as a trademark for fertilizer. Use of the mark by appellee on the designated goods since August 1959 is alleged.

Appellant, United Co-Operatives, Inc., is the registrant of UNICO for spray materials, arsenates and spraying dusts [1] and for "insecticides, fungicides, milcides, herbicides, rodenticides, pesticides, bactericides, seed inoculants, and roost paint." [2]

Mr. Edmund A. Georgi, manager of the Farm Chemical Division of United Co-Operatives, Inc. testified that appellant has used its mark UNICO for a rodenticide in pelleted form since January 1952, for an insecticide since the spring of 1954, and for snail and slug bait pellets since March 1959.

Appellee took no testimony but filed notice of reliance under Trademark Rule 2.123(c) on numerous third party registrations and publications to show the widespread use for chemical products of trademarks comprising the prefix UNI. Appellant moved to strike the notice and matter submitted therewith on the ground that the matter submitted was not "competent evidence and pertinent to the issue" as required by the rule. The board denied the motion and refused to consider the question of admissibility prior to final hearing.

The issue facing this court is whether UNIPEL so resembles the trademark UNICO as to be likely, when applied to appellee's fertilizer, to cause confusion or mistake, or to deceive within the meaning of 15 U.S.C. 1052(d).

Although the board considered that appellee's fertilizer and appellant's seed inoculants, herbicides or insecticides are such that they would normally be attributed to a single producer or seller if sold under the same or similar mark, the board dismissed the opposition, stating:

"The term 'UNI' * * * is a dictionary term and is used in innumerable words as a combining form meaning one, single, as in uniform (See Webster's New International Dictionary, Second Edition, 1947). As used in applicant's mark, 'UNI' would suggest 'uniformity' and the mark as a whole is suggestive of uniform pellets. Opposer's mark, if it has any suggestion to purchasers, would suggest its name 'United Co-Operatives, Inc.' and the marks are otherwise distinguishable in both sound and appearance. It is concluded that purchasers upon encountering 'UNIPEL' fertilizer in the market place are not likely to assume because of the use of 'UNI' as part of the mark that 'UNIPEL' fertilizer originates with, is sponsored by or is in some way connected with the producer of 'UNICO' agricultural chemicals."

The board, furthermore, did not sustain appellant's objection to appellee's notice of evidence under Trademark Rule 2.123(c).

Appellant contends that there is no evidence to support the board's conclusion that UNI in UNIPEL would suggest "uniformity" and disagrees with the board's further conclusion that UNICO, if it suggests anything, suggests appellant's name "United Co-Operatives, Inc." Appellant urges that the letters UNI, being part of a single term or expression have no significance, as such, in the unitary, arbitrary, coined trademark UNICO. On the other hand, appellant contends that the suffix PEL in UNIPEL is clearly intended by appellee to be suggestive or descriptive of pellets, i. e. the form in which appellee's fertilizer is sold under UNIPEL and that PEL is equally suggestive or descriptive of the form in which several of appellant's products are sold under UNICO. Appellant urges that it is not because UNIPEL has the prefix UNI that appellant "contends confusion is likely; it is because the entire mark 'UNIPEL' for pelleted fertilizer *resembles* the entire mark 'UNICO' for pelleted agricultural chemicals in more respects than it differs therefrom."

Appellee on the other hand, urges that the evidence fully supports the board's decision. It contends that appellant's

1. Reg. No. 384,494, issued Jan. 21, 1941.

2. Reg. No. 673,712, issued Feb. 10, 1959.

witness, Mr. Georgi, has admitted that UNIPEL identifies appellee's fertilizer and that this testimony supports the board's finding that UNI would suggest uniformity and that UNICO if it has any suggestion to purchasers, would suggest "United Co-Operatives, Inc."

■ We agree with the board. We do not feel that confusion is likely in the concurrent use by applicant of the trademark UNIPEL for its fertilizer and UNICO by appellant as a trademark for

its goods. In considering the marks as a whole we find that the marks are sufficiently different in sound and appearance as to preclude a likelihood of confusion. We also agree with the board that if UNICO has any suggestive significance, it would be to suggest the name of the organization which uses it—United Co-Operatives, Inc.

■ In view of the above, the decision of the board is affirmed.[3]

Affirmed.

3. In its brief, appellant "prays that the Court direct that that part of the Board's opinion which holds that objections to admissibility of evidence presented under Rule 2.123(c) be postponed to final hearing be vacated and that the Board be ordered to rule on such motions, in future cases, in time for appropriate action to be taken by the parties before final hearing." Since the matter is purely one of procedure before the Patent Office and since we find no error in the board's ultimate treatment of the evidence questioned, we will not consider appellant's request.